### NARCISO ORTIZ v. THE STATE.

No. 9228. Delivered March 11, 1925.

**Sale of Intoxicating Liquor—Recognizance—Must Describe Offense.**

Art 903 of our C. C. P. requires that a recognizance or bond on appeal in a felony case the offense shall be described accurately, and not in general terms. There is no such offense described in our statutes as a "violation of the prohibition law." Because of a defective recognizance this appeal is ordered dismissed.

Appeal from the District Court of McLennan County. Tried below before the Hon. Richard I. Monroe, Judge.

Appeal from a conviction for the sale of intoxicating liquor; penalty, one year in the penitentiary.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant is under conviction for the sale of intoxicating liquor with punishment fixed at confinement in the penitentiary for one year.

By the terms of Article 903, C. C. P., one of the requisites of a recognizance or bond pending appeal from a conviction in felony cases is that the offense of which accused was charged and convicted shall be described. In the present case the recognizance recites that appellant was charged and convicted of the "offense of violation of the prohibition law." There is no such offense as this known to our statutes.

Because of this defect in the recognizance the appeal is ordered dismissed.

*Dismissed.*